## SUPREME COURT.

JOHN B. IRELAND, receiver, &c. agt. SAMUEL B. POTTER,
ARCHIBALD A. THOMAS and FREDERICK F. BETTS.

A *creditor assignee*, who took an *assignment* of his debtors' property, absolute
on its face, under an agreement that from its avails he should first receive his
own debt, and pay the balance to the other creditors of the debtors; and after
receiving his own debt, he settled with some of the other creditors by paying them
forty and fifty cents on the dollar, to satisfy their debts:
*Held*, that the assignee was entitled, on adjustment of his accounts under the as-
signment, to charge only for the *actual amount* paid by him to the other credit-
ors—not to the gross amount of their respective debts, which he satisfied at a
discount.
Also *held*, that the assignee was *not entitled to any commissions*. No case has
ever gone so far as to allow commissions to a creditor who, as assignee of a demand
for his own security and benefit, has received more than his debt from the assign-
or's effects.
*It seems*, that such a case shows that in law the assignee *converted the property*,
and that he might well be held as a *wrong-doer*.
The assignment must be declared to be held simply *as security*, not, as it purports,
as an absolute sale.

*New York Special Term, June*, 1863.

THE plaintiff in this action was appointed a receiver
under supplementary proceedings on a judgment for $2,535.
62, recovered against the defendants Archibald A. Thomas
and Frederick F. Betts, who were copartners under the
firm name of Frederick F. Betts & Co. On the 7th day of
October, 1861, Frederick F. Betts & Co., by an absolute
bill of sale, sold and transferred all their property, amount-
ing to upwards of $14,000, to the defendant Samuel B.
Potter, to secure the sum of $8,000 due from them to Pot-
ter, under an agreement that Potter should first receive his
own debt, and pay the balance to the creditors of Fred-
erick F. Betts & Co.

Potter received for the property so transferred, $21,000,
and, after deducting the amount due to himself, he settled
several of the debts of Frederick F. Betts & Co., by paying
from forty to fifty cents on a dollar, and taking receipts

in full.   He refused to pay anything over to the plaintiff, as receiver of Frederick F. Betts & Co., who, as such receiver, commenced this action.   The case was tried, and sent to a referee to take and state an account.   The referee reported that the defendant Potter had in his hands the sum of $1,987.39.   The defendant Potter filed exceptions to the report of the referee, and the plaintiff made this motion to confirm the referee's report.   The other facts sufficiently appear in the opinion of the court.

>     IRA D. WARREN, *for motion*, cited *Story on Agency*,
>     § 211 ; 11 *Paige*, 26 ; *Moore* agt. *Moore*, 1 *Seld.*,
>     256 ; 3 *Paige*, 180.
>     D. M. PORTER, *in opposition*, cited 4 *Com.*, 552 ; *Story
>         on Bailments*, 306 ; *Story on Contracts*, 682 ; 9
>         *Paige*, 398.

PECKHAM, Justice.   This cause comes now to be disposed of, upon the matters reserved at the hearing.   By the report of the referee it appears that a considerable balance is now in the hands of the defendant, which, under the decree rendered herein, belongs to the plaintiff.

The defendant excepts to the report, because the referee did not allow him the gross amount of the several debts satisfied by the defendant, instead of allowing him, as he did, the several sums he paid to obtain such satisfactions.

I am unable to see, on the evidence, any ground for the claim of the defendant.   There is no evidence that any claim so satisfied was assigned to him, so that he could claim the whole amount as the owner or assignee.

The evidence simply shows the payment by him of so much money, (something less than the face of the debt,) and for the whole amount of the money paid, and interest, the defendant is allowed by the referee.

The defendant next excepts to the report, because the referee did not allow any commissions to him.  I do not

think any commissions should be allowed. No case has gone so far as to allow commissions to a creditor who, as assignee of a demand for his own security and benefit, has received more than his debt from the assignee's effects. The case of *Meacham* agt. *Stearnes*, (9 *Paige*, 398,) cited by defendant's counsel, falls far short of that. In the English courts no commissions are allowed to trustees in the execution of trusts. In this state they are allowed to the same extent as to executors, &c. In this case the defendant, as appears by the decree and by the evidence, took the property as an absolute purchaser on the face of the assignment, and in his answer he claims to be the absolute owner. On the trial he denied the right of any creditor of the assignors, though finally, when the evidence clearly established that he had taken the assignment simply to secure his debt, he claimed to show that he had paid out all the surplus.

I think the case shows that in law he converted the property, and that he might well be held as a wrong-doer. He utterly repudiated any trust, though he did in fact pay some of the creditors the whole or a part of their demands. Such payments seem generally, if not universally, to have been made rather on compulsion, or at least on threats of it.

In this case he wholly refused to pay the plaintiff anything, and denied his right to anything. The assignment by the decree is declared to be held as security simply, and not, as it purports, as an absolute sale. It is not declared that the defendant has been guilty of any fraud, in terms, nor, perhaps, by any necessary effect; but where a defendant takes the course taken here, I am not willing to say that he is entitled to any commissions, for he has assumed to discharge no trust. His expenses have been liberally allowed to him; no objection or exception is taken by the plaintiff to the report, or I should have been extremely unwilling to allow a charge of $260, paid to a person introduced to the defendant "at the National Hotel" at

Washington, for some sort of service in obtaining the money from the authorities at Washington. The name of the person is not stated or recollected by the defendant, and I should infer from the defendant's evidence that the payment was made for the influence of that unnamed person with the authorities to obtain the payment of a debt confessedly due and properly certified. I should be extremely unwilling to give any sanction to the allowance of such a claim. But there may be some explanation not disclosed; and as no exception is taken by the plaintiff, I think the report should be confirmed.

The fourth exception is not well taken, as there is nothing in the case showing that that judgment was recovered against the defendant for any liability incurred or assumed by him under the assignment. It is so " alleged " but not so proved by him. I do not think this a case for an extra allowance, under all the circumstances.

Motion to confirm the referee's report granted, with costs.

———◆◆———

## SUPREME COURT.

